IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES AUSTIN LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 01-N-0203-S |
| | ) | |
| ANGELA QUICK, R.N., and | ) | |
| JOE WHISANTE, Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTERED**

MAR 2 6 2002

## MEMORANDUM OF OPINION

This is a civil action pursuant to 42 U.S.C. § 1983 filed by the plaintiff, James Austin Logan, alleging that his constitutional rights were violated while he was incarcerated in the Madison County Jail in Huntsville, Alabama. In his *pro se* complaint, plaintiff names Sheriff Whisante as a defendant.[1] He contends that defendant Whisante was deliberately indifferent to his serious medical needs. As compensation for the alleged constitutional violation, plaintiff seeks monetary damages. In accordance with the usual practices of this Court and 28 U.S.C. § 636(b)(1), the complaint was referred to the magistrate judge for a preliminary review and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The magistrate judge entered an Order for Special Report (Document # 6) directing that copies of the complaint in this action be forwarded to the defendant and requesting that he file a special report addressing the factual allegations of the plaintiff's complaint. The defendant was

---

[1] The complaint also named Nurse Angie Quick as a defendant, but the plaintiff failed to provide an accurate address for defendant Quick. Accordingly, on July 31, 2001, the court dismissed all claims against Miss Quick.



advised that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. By the same Order, plaintiff was advised that after he received a copy of the special report submitted by the defendant he should file counter affidavits if he wished to rebut the matters presented by the defendant in the special report. Plaintiff was further advised that such affidavits should be filed within twenty days after receiving a copy of the defendant's special report.

The defendant filed a special report and motion for summary judgment (Document # 15) accompanied by an affidavit and documentary evidence. Plaintiff was thereafter notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose to do so. Plaintiff was advised of the consequences of any default or failure to comply with Fed. R. Civ. P. 56. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). (Document # 21). Plaintiff filed no response.

## **SUMMARY JUDGMENT STANDARD**

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues

2

and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted). However, any "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment. *See Perry v. Thompson*, 786 F.2d 1093 (11th Cir. 1986).

3

## **FACTUAL ALLEGATIONS**

Plaintiff contends that defendant "Whisante refused me my prescribed medication for bi-polar disorder." (Document # 1, at 3). Plaintiff became incarcerated in the Madison County Jail "on or about July, 2000."[2] He relates that the "Madison County Health Center . . . prescribed my medication, and because I had no money, I was refused my medication." *Id.*

In responding to the plaintiff's allegations, defendant Whisante attests, "I had no personal knowledge of the facts surrounding the claims made the bases of this action prior to receiving the Order for Special Report . . . . I had no involvement in the treatment or diagnosis of Logan . . . . At no time did I deny or delay access to proper, humane or adequate medical care for Logan . . . . At no time was I aware of any serious medical needs of Logan that were not being attended to by The Madison County Jail medical staff . . . . At no time did I refuse or neglect to provide prescribed medication for any serious medical need of Logan . . . . At no time did I employ a policy, practice or custom in the operation of the Madison County Jail medical system that no duty was owed to Logan to meet his serious medical needs because Logan was unable to pay for his medication." Whisante affidavit (Document #15) at 1.

Defendant Whisante also submits the medical records of the plaintiff during his incarceration at Madison County Jail. (Attachments to Document # 15). These tend to show that plaintiff began requesting his mental health medication as soon as he was arrested on July 4, 2000, and July 6, 2000. Plaintiff was taken to the Mental Health Center on 7/11/00, 7/25/00, 8/8/00, 8/16/00, 8/24/00,

---

[2] *Id.* Plaintiff also complains that in March, 1999, he was incarcerated for a period of time at Madison County Jail, and Nurse Quick refused to let him have his medication. However, the Court shall not consider these allegations because Nurse Quick has been dismissed as a defendant in this action.

8/29/00, and 9/12/00. After the plaintiff's 8/8/00 and 8/29/00 counseling sessions, his therapist, Denise Looney, wrote that the plaintiff was in need of his bi-polar medication, but was unable to get the prescriptions filled because he had no money. These notations were written on a form entitled 'Authorization for Medical Treatment of Madison County Jail Inmate.' *Id.* There is no indication on the forms that defendant Whisante knew about it or received a copy of it.

### SHERIFF JOE WHISANTE

Plaintiff names Sheriff Whisante as a defendant, but has not alleged that Whisante was personally involved in the incidents complained of. Plaintiff simply attempts to implicate Whisante through the concept of *respondeat superior*. However, "[t]here is no *respondeat superior* liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (*citing Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994)). Absent some allegation that defendant Whisante knew of, sanctioned, participated in or was otherwise "affirmatively linked" to the acts about which he complains, the claim against defendant Whisante is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985), *cert. denied*, 476 U.S. 1115 (1986). Plaintiff made none of these allegations in his complaint nor does he dispute defendant Whisante's affidavit.

Apart from personal participation in acts causing constitutional deprivations, defendant Whisante could be liable indirectly if he personally instigated or adopted a policy that violated plaintiff's constitutional rights. *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 706 (11th Cir. 1985). The liability of defendant Whisante must also be considered in light of this legal

standard. It is also undisputed defendant Whisante has created no policy in which inmates are denied prescription medication if they are unable to pay for same. As such, defendant Whisante's motion for summary judgment is due to be granted and the plaintiff's claims are due to be dismissed as a matter of law.

## **OPINION**

The Court finds that defendant Whisante's motion for summary judgment is due to be GRANTED as follows:

The Court EXPRESSLY FINDS that there are no genuine issues of material fact showing that defendant Whisante was deliberately indifferent to a serious medical need of the plaintiff, thereby subjecting the plaintiff to cruel and unusual punishment. As such, defendant Whisante is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment filed in behalf of defendant Whisante is due to be GRANTED and this claim is due to be DISMISSED WITH PREJUDICE.

An appropriate order will be entered.

DONE this the 25th day of March, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE